The plaintiff produced in evidence an entry made upon a military warrant the 10th day of May, 1809, a survey of the entry made the 9th day of August, 1809, and a grant thereon, dated the 8th day of January, 1811, covering the land in controversy.
The defendant's was an occupant claim under the law of 1807, to support which he produced a survey dated the 2d day of September, 1808, an entry made in pursuance of the survey on the first day of December, 1810, and a grant thereon, dated the third day of December, 1810.
It was admitted that the defendant lived within the *Page 150 
bounds of both the claims, and that, on the 12th day of September, 1807, he was seated on and in actual possession of the land in dispute.
Upon the trial two questions were agitated —
1. As the entry of the plaintiff was older than either the grant or entry of the defendant, whether the defendant's previous survey and right of occupancy had so appropriated the land that it could not be entered.
2. Whether the Legislature of Tennessee had authority to pass the law of 1807 giving a preference to occupants, as against claims founded upon military warrants?
The land lies within the military reservation.
For the purpose of showing that the Legislature of Tennessee were unauthorized to pass the occupant law of 1807, the counsel for the lessors of the plaintiff have relied upon the cession Act, which contains these words, "The lands laid off, or directed to be laid off, by any act or acts of the General Assembly of this State for the officers and soldiers thereof, their heirs and assigns respectively, shall be and enure to the use and benefit of said officers, their heirs and assigns respectively." Hay. Rev. 165. It is contended that this clause in the cession Act, connected with the compact between this State and North Carolina, prohibited this State from passing the Act of 1807.
The compact before alluded to, authorizes the State of Tennessee to issue grants in such cases only as could have been done by North Carolina under the cession Act. The compact also declares that, in entering and obtaining titles to lands, no preference shall be given to the citizens of Tennessee over the citizens of any other State claiming under North Carolina, "nor shall any occupancy or possession give preference in entering and obtaining titles, so as to injure or take away the right of any person claiming by entry, grant, or otherwise, under North Carolina." *Page 151 
The law of 1807 provides that it shall be lawful for any person who was seated on any vacant and ungranted land on the 12th day of September, 1807, to have a preference for the term of two years to enter the same, provided such person caused it to be surveyed within nine months after the passing of the Act, which was on the 2d day of December in that year.
I do not believe that the reservation of the land in this section of country can be considered alone as as appropriation. The lands still remain vacant until the application of a warrant to some particular spot. The holder of a warrant has only a floating claim, and can not be considered as having an appropriation unless he goes on to designate by survey, c. the locality of the particular tract he wishes to affix his warrant to. Under this view of the case, I can not but believe that the State of Tennessee had a right to pass the law in question.
The next question which occurs is, whether the survey and right of preference of the defendant so appropriated the land as to render it not liable to be entered by the plaintiff's military warrant?
The entry laws, under which the plaintiff's entry was made, only authorize the entering of vacant and unappropriated land. When an actual settlement has been made, in pursuance of the Act of 1807, and the enterer has went on to make a survey, I do not consider the land as being vacant within the true sense and meaning of the entry laws. I am, therefore, of opinion that, although the plaintiff has produced an entry elder in date than the entry of the defendant, yet as the defendant's right of preference existed, and his survey was made when the plaintiff had only a warrant, not located anywhere, the land was from thence no longer vacant, and consequently not subject to be entered by the plaintiff.
Whether the entry of the plaintiff, under those circumstances, can be declared void in a court of law is perhaps doubtful. I am inclined to think it can not. But this is not made a question in the cause. It seems to be admitted that if in any court *Page 152 
this would be the result, a verdict at law may pass against him.
Verdict for the defendant.